# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW LEE OVERBY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:12-663 |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of § | |
| Social Security,[1] § | |
| § | |
| *Defendant*. § | |

## REPORT AND RECOMMENDATION

The Commissioner of Social Security ("Commissioner") denied Matthew Lee Overby's application for disability insurance benefits under the Social Security Act. In this action for judicial review under 42 U.S.C. § 405(g), the sole issue is whether the court should remand the case and order additional evidence to be taken before the Commissioner.

### I. Procedural Background

On May 1, 2010, Overby protectively applied for disability insurance benefits. He claimed disability beginning on July 18, 2009, due to a discogenic and degenerative back disorder. (T. 16, 71).[2] Following an evidentiary hearing,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she therefore should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C § 405(g).

[2] "T." followed by a number refers to the page of the administrative record. (Dkt. No. 8).

an administrative law judge, Mary Sparks ("ALJ Sparks"), denied Overby's application on July 25, 2011. (T. 16-24). After unsuccessfully requesting Appeals Council review, Overby timely instituted this proceeding. (Dkt. No. 1).

## II. Commissioner's Decision

When adjudicating Overby's claim, ALJ Sparks utilized a five-step sequential evaluation procedure prescribed by regulation and approved by courts as a fair and just way for determining disability applications in conformity with the Social Security Act. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461 (1983)). A full discussion of the Commissioner's five-step process is contained in *Christiana v. Commissioner of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

ALJ Sparks determined that Overby carried his Step 1 burden to show that he has not engaged in substantial gainful activity since his alleged onset of disability, and also met his Step 2 burden to show that he has a "severe" impairment consisting of *minimal diffuse spondylosis*.[3] (T. 18). At Step 3, ALJ Sparks found that Overby did not prove that his impairment meets or equals a presumptively disabling condition. *Id.*[4]

---

[3] "Severe" is a term of art. Under governing circuit law, "[a] 'severe' impairment is one that significantly limits an individual's physical or mental ability to do 'basic work activities.'" *Meadors v. Astrue*, 370 Fed. App'x 179, 182 (2d Cir. 2010)(citing 20 C.F.R. §§ 404.1520(c), 416.920(c)); *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).

[4] 20 C.F.R. Part 404, Subpart P, Appendix 1, lists impairments that the Commissioner considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience. 20 C.F.R. § 404.1525(a). The Commissioner's regulation states that "[i]f you have an impairment(s) which . . . is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience." 20 C.F.R. § 404.1520(d).

Given these initial findings, ALJ Sparks was required to next assess Overby's "residual functional capacity" before proceeding to remaining steps.[5] In that respect, she found that Overby's ability to perform work-related activities is reduced by his impairment to the "sedentary" exertional level[6] with several additional limitations.[7] (T. 19-22).

At Step 4, ALJ Sparks determined whether Overby's impairments prevent him from performing his past relevant work. Overby's past relevant work included occupations as a resident supervisor, warehouse worker, repairer of manufactured homes, and cashier with stocking responsibilities. (T. 57-58). Toward this end, ALJ Sparks obtained and relied up evidence from a vocational expert, David Sypher ("VE Sypher"). ALJ Sparks posed a hypothetical question that asked VE Sypher to state whether an individual with the same residual functional capacity and limitations as ascribed to Overby could perform any of his past relevant work. (T. 63). VE Sypher testified that an individual with such restrictions can still perform work as a resident supervisor as that

---

[5] This term refers to what claimants can still do in a work setting despite their physical and/or mental limitations caused by their impairments and any related symptoms, such as pain. *See* 20 C.F.R. § 404.1545; *see also Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (defining RFC).

[6] "Sedentary work" involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *See* 20 C.F.R. § 404.1567(a); SSR 83-10, TITLES II AND XVI: DETERMINING CAPABILITY TO DO OTHER WORK—THE MEDICAL-VOCATIONAL RULES OF APPENDIX 2, 1983 WL 31251, at **5-6 (SSA 1983).

[7] The additional limitations were:(1) occasionally lift and/or carry ten pounds; (2) frequently lift and/or carry five pounds; (3) stand and/or walk for four hours total in an eight-hour workday but no longer than forty-five minutes at one time; (4) sit for four hours total in an eight-hour workday but no longer than forty-five minutes at one time; (5) occasionally push/pull; (6) never climb ladders, ropes or scaffolds; (7) frequently balance; and occasionally stoop crouch, kneel or crawl. (T. 19).

occupation is defined in the Dictionary of Occupational Titles ("DOT") Code 187.167-186.[8] *Id.*

ALJ Sparks accepted this testimony as credible; found that Overby can still perform past relevant work as resident supervisor; and, accordingly, concluded that he was not disabled. (T. 23). Overby's application for benefits was, therefore, denied. (T. 24).

### III. Request For Remand

Overby does not challenge ALJ Sparks's findings and conclusions. Instead, Overby proffers additional evidence – submitted for the first time to this court – and requests remand for consideration of that evidence:

> *The decision should be remanded based upon the new and material evidence attached hereto as this evidence warrants changing the Administrative Law Judge's decision.*

(Dkt. No. 10, p. 1).

The additional evidence in question relates to medical treatment for low back pain during the period between January and March, 2010. It consists of *treatment notes* pertaining to eleven visits with Dr. William J. Kowalski, D.C., between January 24, 2010, and March 12, 2010. It also contains a *physical capabilities evaluation* by Dr. Kowalski dated March 12, 2010. (*See* Attachment to Dkt. No. 10, at pp. 1-7). Overby argues that this evidence is contraindicative of his residual functional capacity as assessed by ALJ Sparks. Hence, it warrants remand. (Dkt. No. 10, p. 3).

---

[8] *Dictionary of Occupational Titles, Fourth Ed.*, Code 187.167-186, 1991 WL 671408 (G.P.O. 1991).

In response, the Commissioner contends that the now-proffered evidence does not warrant remand because it does not meet statutory requirements for remand. (Dkt. No. 11, at pp. 6-10. Specifically, the Commissioner argues that the evidence is not "new;" it is not "material;" and no "good cause" exists for failing to incorporate such evidence into the record in the prior administrative proceeding. *Id.*

## IV. Governing Legal Principles

Judicial review of final decisions of the Commissioner is authorized in 42 U.S.C. § 405(g). The sixth sentence of that section provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; . . . .

42 U.S.C. § 405(g). To satisfy this statutory requirement, one must show that newly-proffered evidence is:

> (1) "new" and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently. Finally, a claimant must show (3) good cause for failure to present the evidence earlier.

*Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (internal citations omitted); *see also Mulrain v. Commissioner of Soc. Sec.*, 431 Fed. App'x 38, 39 (2d Cir. 2011); *Lisa v. Secretary of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991).

As one court put it facilely, to obtain a sentence six remand for taking of additional evidence, a claimant must satisfy a "conjunctive threefold requirement." *Cruz-Santos v. Callahan*, No. Civ. A. 97-439, 1998 WL 175936, at *2 (D. N.J. Apr. 7, 1998). In other words, remand for taking of additional evidence is required only when a claimant satisfies *all three criteria*. *See id*; *see generally Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991) (three-pronged requirement for sentence six remand). Thus, even when newly-proffered evidence passes muster under the first two prongs ("new" and "material"), but fails under the third prong ("good cause"), reviewing courts do not require the Commissioner to consider the new evidence on remand.[9]

## V. Application and Analysis

The most significant aspect of the now-proffered evidence is Dr. Kowalski's physical capabilities evaluation dated March 12, 2010. Therein, Dr. Kowalski opined that Overby is capable of only working four hours per day, three days per week. And, even then, he can only *occasionally* (a) lift and/or carry twenty pounds, (b) push and/or pull ten pounds, and (c) climb, bend, stoop, kneel, crouch, crawl and reach. Dr, Kowalski opined that Overby can *frequently* perform fine manipulation, grasping, feeling, and keying; but is *never* capable

---

[9] *See e.g., Brown v. Astrue*, No. 3:11-cv-331, 2012 WL 3112367, at *5 (S.D. Ohio July 31, 2012) (even if the Court assumes, *arguendo*, that claimant's medical evidence is new and material, his request for a Sentence Six remand to consider doctor's evaluation should nonetheless be denied because claimant failed to establish the necessary good cause); *Rogers v. Barnhart*, 204 F. Supp. 2d 885, 892 (W.D. N.C. 2002) (new and material evidence did not warrant remand where evidence was developed prior to the Appeals Council's decision but claimant made no attempt to submit any of the records); *Montgomery v. Barnhart*, No. CIV.00-2250 (JRT/JMM), 2002 WL 511461, at *8 (D. Minn. Mar. 31, 2002) (even if claimant could show that the evidence was material, claimant failed to establish good cause for the delay in producing the evidence).

of balancing, overhead lifting or working on ladders. (*See* Attachment to Dkt. No. 10, at p. 1).

*A.     Colorable Showing of New and Material Evidence*

Although the Commissioner forcefully disagrees, Overby can mount colorable arguments that this evidence is new and material. While the existing record contains extensive medical evidence concerning Overby's low back condition during the same period of time, including some evidence from Dr. Kowalski,[10] the now-proffered evidence is not duplicative, and it was not made available to ALJ Sparks at the time she made her decision.[11] It is relevant and probative. Finally, its import is such that *were the Commissioner to accept it as credible and persuasive*, there is a reasonable possibility that it would influence the Commissioner to decide Overby's application differently.[12] Stated more

---

[10] The record contains examinations and treatment pertaining to Overby's low back pain from the period between October 2009 and April 2010. (T. 200-02, 206-32, 239-53). Additionally, the record contains orthopedic evaluations completed for Workers' Compensation dated October 2009 and May 2010. (T. 232-36, 263-67). The record even contains a January 25, 2010, statement from Dr. Kowalski opining that Overby could return to work as of March 1, 2010. (T. 268-70).

[11] *But see Ferguson v. Commissioner of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010)(evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding).

[12] The Commissioner's brief, when arguing that the proffered evidence is not material, raises an entirely plausible argument that if Overby's additional evidence is taken on remand, an ALJ will not accept it as more probative than existing evidence because Dr. Kowalski, a chiropractor, is not an "acceptable medical source" within the meaning of 20 C.F.R. § 404.1513(a). Hence, there is no reasonable possibility that Overby's new evidence would influence an ALJ to decide Overby's case differently.
     Chiropractors are "other sources" whose evidence routinely is received to show *severity of an impairment* and *how it affects an individual's ability to work*. *See* 20 C.F.R. § 404.1513(d)(1); SSR 06–03p, Titles II and XVI: CONSIDERING OPINIONS AND OTHER EVIDENCE FROM SOURCES WHO ARE NOT "ACCEPTABLE MEDICAL SOURCES" IN DISABILITY CLAIMS, 2006 WL 2329939, at *3 (SSA Aug. 9, 2006). If this action were remanded, the issue would not be whether Overby's additional evidence is *admissible*, but rather the *weight*, if any, it might merit. A reviewing court would overstep its authority to usurp the Commissioner's prerogative to decide which witnesses to believe and the weight to be given their testimony.

precisely, there is a reasonable possibility that a person who can work only four hours a day, no more than three days a week, would be found disabled. This is because residual functional capacity is premised on one's ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, defined as *8 hours a day*, for *5 days a week*, or an *equivalent work schedule*. *See* 20 C.F.R. § 1545(b), (c); *see also* 96-SSR 8p, TITLE II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, 61 Fed. Reg. 34474, 1996 WL 374184, at *2 (S.S.A. July 2, 1996).

The court need not, however, resolve the parties' disputes as to whether the now-proffered evidence is new (*i.e.*, non-cumulative) and material. As the next section demonstrates, Overby's proffered evidence clearly does not meet the third prong of the *Tirado* test, even if it satisfies the first two parts.

## B.    *No Showing of Good Cause*

Congress amended the sixth sentence of Section 405(g) in 1980, and, in so doing made it "unmistakably clear that it intended to limit the power of district courts to order remands for 'new evidence' in Social Security cases." *See Melkonyan v. Sullivan*, 501 U.S. 89, 100-01 (1991). It added requirements that remands for the purpose of taking new evidence be limited to cases where there is new, material evidence, and good cause for failure to incorporate it into the record in a prior proceeding. *Id.* (quoting S.Rep. No. 96–408, pp. 58–59 (1979); *see also* H.R.Rep. No. 96–100, p. 13 (1979), U.S.Code Cong. & Admin.News 1980, pp. 1277, 1336–1337. Congress thus reaffirmed and strengthened its intent that decisions of the Commissioner be final except in limited circumstances. *See Firpo v. Chater*, 100 F.3d 943, 1996 WL 49258, at *3 (2d Cir. 1996) ("[c]oncerns for finality dictate that claimants be given a single opportunity to prove their

entitlement to benefits for a particular period"); *Tirado*, 842 F.2d at 596 ("claimants ordinarily should have but one opportunity to prove entitlement to benefits, otherwise disability administrative proceedings would be an unending merry-go-round with no finality to administrative and judicial determinations").

A plaintiff seeking judicial review might adequately explain failure to incorporate proffered evidence into an original administrative record in any number of ways. A few obvious examples would be (1) if the evidence were not in existence or available to a claimant at the time of the administrative proceeding, (2) if a claimant were not aware of it, not because of carelessness, inattention or willful disregard, but because of some unexpected or unavoidable hindrance or accident, or (3) if mental incompetence or other dire personal circumstances placed a claimant in no position to present the evidence.[13]

Here, however, Overby makes no effort to provide *any* explanation. Instead, Overby's current counsel merely states that an explanation as to why this evidence was not submitted to ALJ Sparks prior to her hearing decision or even to the Appeals Council "*cannot be given* as our representation did not begin until 3/28/12, after the Appeals Council denial." (Dkt. No. 10, at pp. 3-4) (emphasis added).

The additional treatment notes of Dr. Kowalski and his physical capacity evaluation all were completed *more than a year* before the administrative hearing and ALJ Sparks's decision. Overby and his counsel had *almost two years* to present this evidence to the Appeals Council, which did not issue its decision until February 2012. (T. 1-8). Neither Overby nor his former attorney

---

[13] `See, e.g., Munford v. Apfel`, No. 97 CIV. 5270 (HB), 1998 WL 214782, at *6 (S.D.N.Y. Apr. 30, 1998), `opinion vacated on reconsideration`, 1998 WL 684836 (S.D.N.Y. Sept. 30, 1998); `Geracitano v. Callahan`, 979 F. Supp. 952, 958-59 (W.D.N.Y. 1997).

submitted the records to ALJ Sparks[14] or to the Appeals Council despite there being ample time to do so. No good cause for failing to incorporate the proffered evidence into the administrative record at the time of the administrative proceeding can be discerned from these plain facts.

Viewed most favorably to Overby, there is an implicit suggestion that Overby should be excused from failing to present the evidence at the administrative hearing because he relied on care and vigilance of his former counsel to present proper evidence at the proper time. Such may well have been the case here, but, standing alone, a previous attorney's omissions do not establish good cause to obtain a Sixth Sentence remand.[15] By the same token, mere diligence and competent representation by a successor counsel automatically does not cure or excuse earlier defaults. To hold otherwise, would invite mischief in the form of unsanctioned back door appeals that undermine Congress's intent to promote finality when enacting § 405(g).[16]

Because Overby offers no other explanation as to why the now-proffered records were not timely submitted during the administrative proceedings, he

---

[14] At the administrative evidentiary hearing, Overby's former counsel responded affirmatively when ALJ Sparks asked Overby's counsel whether he had reviewed the record and whether he considered it to be complete. (T. 31).

[15] *See Taylor v. Commissioner of Soc. Sec.*, 43 Fed. App'x 941, 943 (6th Cir. 2002) ("[T]here is absolutely no statutory or decisional authority for [the claimant's] unstated, but unmistakable, premise that the alleged incompetence of [the claimant's] first attorney constitutes "good cause" in this context"); *Brown*, 2012 WL 3112367, at *5 (court rejected claimant's contention that "good cause" exists for remand because his prior counsel failed to take the necessary action to timely obtain physician's medical opinion and include it in the record before the ALJ's decision); *Cruz-Santos,* 1998 WL 175936, at *4 (claimant's change of counsel did not constitute "good cause" warranting remand, for failing to incorporate at the ALJ hearing the evidence proffered in his remand motion).

[16] The good cause requirement was designed to prevent claimants from seeking "after-acquired evidence, and then us[ing] such evidence as an unsanctioned 'back-door' means of appeal." *Milano v. Bowen*, 809 F.2d 763, 767 (11th Cir. 1987) (quoting *Szubak v. Secretary of Health & Human Servs.*, 745 F.2d 831, 834 (3d Cir. 1984)).

fails to carry his burden to show good cause. Overby's proposed additional evidence, therefore, fails to satisfy the statutory requirement of good cause as set forth in 42 U.S.C. § 405(g). A sentence-six remand is unwarranted. *See Schaal v. Apfel*, 134 F.3d 496, 506 (2d Cir. 1998). No good cause is shown for failing to incorporate the proffered evidence into the administrative record at the time of the administrative proceeding.

## VI. Recommendation

Plaintiff's request to remand this action and order that additional evidence be taken before the Commissioner should be **DENIED**. The Commissioner's decision should be **AFFIRMED**.

## VII. Objections

Parties have fourteen (14) days to file specific, written objections to the Report and Recommendation. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THE REPORT, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Graham v. City of New York*, 443 Fed. App'x 657, 658 (2d Cir. 2011); *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995); *see also* 28 U.S.C. § 636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Signed on the  4  day of   April   2013.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge